IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1101 - CMA-BNB

KATHY CASIAS,

Plaintiff

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant

**STIPULATED PROTECTIVE ORDER**
~~**STIPULATED CONFIDENTIALITY AGREEMENT**~~

Pursuant to the stipulation of the parties, IT IS ORDERED:

~~HEREBY STIPULATED AND AGREED, by and between the respective parties hereto and their counsel of record, that~~ Defendant American Family Mutual Insurance Company will produce certain documents, stamped CONFIDENTIAL and containing bates labels beginning with **Confidential Documents_000001**, which it considers privileged, confidential, proprietary, competitively sensitive and trade secret. The production and use of such document in this case will be conducted pursuant to the following:

1. All such documents shall be stamped "CONFIDENTIAL" by Defendant. It is agreed that the documents so designated are subject to this Confidentiality Agreement (hereinafter referred to as "documents").

2. Documents, materials and/or information designated "CONFIDENTIAL" shall not be disclosed or used for any purpose except the preparation and trial of this case.

3.       Plaintiff and her counsel agree that the documents and the information obtained from the documents shall not be released to any other person or entity for any purpose, with the exception of an individual certified by Plaintiff's counsel as employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by Plaintiff or her counsel for the purpose of testifying or giving opinions in this litigation, including Plaintiff's insurance claims expert, but only to the extent necessary for such person to perform his or her assigned tasks in connection with this litigation.

4.       Counsel for Plaintiff shall first obtain a written agreement from each individual, identified under paragraph 3 of this Confidentiality Agreement, who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

5.       In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an independent expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation. ~~Any original depositions filed with the Court or used at trial shall be sealed by the Clerk of the Court unless otherwise ordered by the Court.~~

6.      Counsel for Plaintiff shall maintain a list of all persons to whom the confidential information covered by this agreement has been shown, to whom copies have been provided, and who have agreed to the terms of this agreement.  Counsel's list shall also identify, by number, all documents copied and the number of copies provided to each person.

7.      At the conclusion of the action, counsel for Plaintiff will promptly furnish to counsel for Defendant, Sutton | Booker | P.C., a letter which identifies all persons or entities to whom documents or information has been disclosed along with a copy of the list maintained pursuant to paragraph 6 and a copy of the written agreement regarding confidentiality obtained from each person or entity.  Counsel for Plaintiff will return to counsel for Defendant, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents, including but not limited to notes, extracts, compilation and photocopies, and all depositions referring in any way to the confidential documents on information contained therein.

8.      **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~No copies, duplications or reproductions of the documents may be part of the public record of this case, whether in evidence or otherwise, although this Stipulated Confidentiality Agreement does not prohibit the use of the documents as evidence in the trial of this case.  In the event that any such documents or the information contained therein is included with, or the contents thereof are in any way disclosed in any discovery responses, pleading, motion, brief, or other paper filed with the clerk of this court, or entered into evidence by way of testimony or exhibits at trial of this matter, such confidential documents or information shall be~~

~~kept under seal by the clerk until further order of the court, and if sealed, sealing shall continue so as to prevent disclosure at the conclusion of the trial.~~

9. The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

10. This Stipulated Confidentiality Agreement survives this case for the purpose of enforcement.

Dated September 17, 2013.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANT** |
|---|---|
| *s/ Kurt Zaner* | *s/ Jacquelyn Booker* |
| Marc Harden | Debra Sutton |
| Kurt Zaner | Jacquelyn Booker |
| ZANER HARDEN LAW, LLP | Sutton | Booker | P.C. |
| 1610 Wynkoop Street, Suite 120 | 26 W. Dry Creek Circle, Suite 375 |
| Denver, CO 80202 | Littleton, CO 80120 |

*A duly signed original is on file at Sutton | Booker | P.C.*